```
                                    ____ FILED      ____ ENTERED
                                    ____ LOGGED     ____ RECEIVED

                                         SEP 2 9 2022
                                         AT BALTIMORE
                                         CLERK U.S. DISTRICT COURT
                                         DISTRICT OF MARYLAND
                                                            DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH EDWARD STARKEY<br>The Levicoff Law Firm, P.C.<br>4 PPG Place, Suite 200<br>Pittsburgh, PA 15219<br><br>  Plaintiff,<br><br>v.<br><br>O.C. SEACRETS, INC.<br>Leighton W. Moore, Jr., Registered Agent<br>117 W. 49th Street<br>Ocean City, MD 21842<br><br>LOUIS B. LOMBARDO<br>301 Piedmont Court<br>Ocean Pines, MD 21811<br><br>and JOHN DOES 1-3,<br><br>  Defendants. | CASE NO. _____ |

## COMPLAINT

NOW COMES the Plaintiff, Joseph E. Starkey, Jr., and for his complaint against the Defendants, states and avers as follows:

### THE PARTIES

1. This is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

2. Plaintiff is an adult individual and resident of the Commonwealth of Pennsylvania.

3. Defendant O.C. Seacrets, Inc. ("Seacrets") is a Maryland corporation having a principal place of business at 117 W. 49th Street, Ocean City, Worcester County, Maryland. At all times relevant hereto, Seacrets owned and operated a waterfront bar, restaurant & night club located at 117 W. 49th Street, Ocean City, Worcester County, Maryland known as Seacrets, Jamaica USA.

4. Defendant Louis B. Lombardo is an adult individual who resides at 301 Piedmont Court, Ocean Pines, Worcester County, Maryland. At all times relevant hereto, Defendant Lombardo was an agent, servant and/or employee of Seacrets and a member of its management.

5. Defendant Lombardo at all times relevant herein provided security services on behalf of defendant Seacrets and was under Seacrets' control and direction. Upon information and belief, Lombardo participated in the underlying incident.

6. Defendants John Does 1-3 are adult individuals who, at all times relevant hereto, were agents, servants and/or employees of Seacrets. At all times relevant hereto, Does 1-3 provided security services on behalf of defendant Seacrets and was under Seacrets' and Lombardo's control and direction. Despite repeated requests by Plaintiff, Defendant Seacrets has refused to identify Does 1-3 and, accordingly, their identities are currently unknown to Plaintiff.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 exclusive of interest and costs and the plaintiff and all defendants are residents of different states.

8. Venue is proper in this Court under 28 U.S.C. §1391 as all defendants reside within this Court's judicial district, and the events and occurrences that serve the basis for plaintiff's complaint occurred within this Court's judicial district.

### FACTS COMMON TO ALL COUNTS

9. On or about October 9, 2021, plaintiff was a business invitee of Seacrets.

10. At or around 12:25 a.m., a friend of plaintiff's jumped onto a stage where a band was playing.

11. Shortly thereafter, defendants Lombardo and Does 1-3 accosted plaintiff's friend with the intention of kicking him out of the establishment.

12. As plaintiff turned around to see what was happening, defendants Lombardo and DOES 1-3 began yelling at and motioning to plaintiff in an aggressive manner.

13. Plaintiff attempted to de-escalate the situation by, among other things, telling defendants Lombardo and DOES 1-3 that his friend was harmless.

14. Nonetheless, defendant Lombardo and DOES 1-3 physically grabbed plaintiff, pushed him through a set of doors into a hallway where they proceeded to intentionally assault and batter plaintiff by, among other things, intentionally and maliciously grabbing the small finger on his left hand and twisting and bending it until it broke, after which defendant Lombardo and/or DOES 1-3 stated to plaintiff, "How's that attorney man?"

15. Defendant Lombardo, as a member of management having authority over Defendants DOES 1-3, as opposed to exercising his duty of care and authority to stop the unwarranted assault by his security detail and agents upon Plaintiff, sanctioned, encouraged and participated in the assault.

16. As a direct and proximate result of the acts and omissions of Defendants Lombardo and DOES 1-3, plaintiff sustained permanent, painful and disfiguring injuries to his left hand.

17. At all times relevant herein, Defendants Lombardo and DOES 1-3 were acting in furtherance of their employment, agency and servant relationship with Defendant Seacrets and, as such, Defendant Seacrets is responsible at all relevant times for their acts and omissions under the doctrine of respondeat superior and/or vicarious liability.

## COUNT I – BATTERY

18. Plaintiff incorporates by reference paragraphs 1 through17 of his complaint as if fully set forth herein.

19. Defendants Lombardo and DOES 1-3 willfully and maliciously attacked the Plaintiff upon the premises of Seacrets, Jamaica USA.

20. The injuries suffered by the Plaintiff were inflicted while he was presenting no immediate threat to anyone.

21. As a direct and proximate result of the willful, wanton, malicious and intentional actions of Defendants Lombardo and DOES 1-3, plaintiff suffered severe and permanent bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, punitive damages to the extent allowed by law, plus interest and costs.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff incorporates by reference Paragraphs 1 through 21 of his complaint as if fully set forth herein.

23. Defendant Seacrets, its agents, servants and employees, and Defendants Lombardo and DOES 1-3, intentionally caused severe emotional distress to the Plaintiff by their willful, wanton, extremely reckless and indifferent conduct, including but not limited to engaging in a senseless physical attack upon the person of the Plaintiff which directly led to his severe bodily injuries.

24. The actions of Defendants Seacrets, Lombardo and DOES 1-3 went well beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

25. The aforesaid actions of Defendants Seacrets, Lombardo and DOES 1-3 were so outrageous in character and were so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community.

26. As a direct and proximate result of the Defendants' extreme, reckless, outrageous and indifferent conduct, the Plaintiff suffered severe and permanent bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, punitive damages to the extent allowed by law, plus interest and costs.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff incorporates by reference Paragraphs 1 through 26 of his complaint as if fully set forth herein.

28. Defendants Seacrets, Lombardo and DOES 1-3 negligently caused severe emotional distress to the Plaintiff by their extremely negligent actions and breaches of their duty of care, including but not limited to, engaging in, sanctioning, encouraging and/or allowing their

employees and agents to engage in a senseless physical attack upon the person of the Plaintiff which directly led to his severe physical injuries.

29. As a direct and proximate result of the Defendants' extreme, negligent, reckless, outragous and indifferent conduct and the conduct of their agents, the Plaintiff suffered severe and permanent bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, punitive damages to the extent allowed by law, plus interest and costs.

### COUNT IV – NEGLIGENT HIRING, TRAINING AND SUPERVISION

30. Plaintiff incorporates by reference Paragraphs 1 through 29 of his complaint as if fully set forth herein.

31. At all times relevant herein, Defendants Lombardo and DOES 1-3 were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by, Defendant Seacrets.

32. Defendant Seacrets acted in contravention to its duty of care to Plaintiff by negligently, carelessly and recklessly failing to properly train, supervise, control, direct and monitor its security staff and agents in their duties and responsibilities.

33. As a direct and proximate result of the acts and omissions of Defendant Seacrets, Plaintiff was wrongfully and unlawfully assaulted and battered by Defendants Lombardo and/or DOES 1-3 in the presence of members of Seacrets management causing him to sustain severe and permanent bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, punitive damages to the extent allowed by law, plus interest and costs.

## COUNT V – PREMISES LIABILITY

34. Plaintiff incorporates by reference Paragraphs 1 through 33 of his complaint as if fully set forth herein.

35. At all times relevant hereto, plaintiff was a business invitee of defendant O.C. Seacrets, Inc.

36. Defendant O.C. Seacrets, Inc. had a duty to use reasonable care to keep its premises safe and to protect its invitees from dangers that the invitee might not discover on their own.

37. Defendant O.C. Seacrets, Inc. knew or should have known that its security employees, namely Defendants Lombardo and DOES 1-3, presented a danger to its patrons, including plaintiff, in that Defendants Lombardo and DOES 1-3 had a propensity to act in a manner likely to result in injury to its patrons.

38. Defendant O.C. Seacrets, Inc. breached its duties to plaintiff when its security employees, namely Defendant Lombardo and DOES 1-3, attacked the Plaintiff upon the premises of Seacrets, Jamaica USA causing plaintiff to sustain severe and permanent injuries.

39. As a direct and proximate result of Defendant O.C. Seacrets, Inc.'s breach of its duties to plaintiff, plaintiff suffered severe and permanent bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, punitive damages to the extent allowed by law, plus interest and costs.

## COUNT V – CIVIL CONSPIRACY

40. Plaintiff incorporates by reference Paragraphs 1 through 39 of his complaint as if fully set forth herein.

41. Defendants Lombardo and DOES 1-3 entered into an agreement to commit an illegal act of assault and battery against Plaintiff.

42. Defendants Lombardo and DOES 1-3 did indeed commit an assault and battery on Plaintiff.

43. Defendants Lombardo and DOES 1-3 acted in furtherance of their aforementioned agency relationship with each other and scheme to commit a tortious act.

44. Defendants Lombardo and DOES 1-3 were acting in the course and general scope of their employment and agency relationship in pursuance of the authority given them by Defendant Seacrets.

45. Defendants, and each of them, authorized, instigated, condoned and/or participated in the conspiracy to commit the assault and battery of Plaintiff by Defendants Lombardo and DOES 1-3.

46. Plaintiff was injured by the Defendants Lombardo and DOES 1-3.

47. Defendant Seacrets is directly and vicariously liable for the aforesaid actions of its employees, agents and/or servants.

48. As a direct and proximate result of the Defendants' civil conspiracy and unlawful acts, Plaintiff suffered severe and permanent bodily injuries, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000, exclusive of interest and costs, punitive damages to the extent allowed by law, plus interest and costs.

## JURY DEMAND

Plaintiff demands a jury trial for all issues so triable.

DATED: September 23, 2022          RESPECTFULLY SUBMITTED,

By: _____
Joseph E. Starkey, Jr., Esq.
The Levicoff Law Firm, P.C.
4 PPG Place, Suite 200
Pittsburgh, PA 15222
(412) 434-5200
JStarkey@LevicoffLaw.com